**Lanneita GODFREY and Beth Godfrey, Plaintiffs and Respondents,**

v.

**Flo MUNSON, Administratrix of the Estate of Eliza M. Pack Godfrey, Defendant and Appellant.**

No. 16094.

Supreme Court of Utah.

June 22, 1979.

Hillyard, Low & Anderson, Lyle W. Hillyard, Logan, for defendant and appellant.

Olsen, Hoggan & Sorenson, Miles P. Jensen, Logan, for plaintiffs and respondents.

PER CURIAM:

Plaintiffs Lanneita Godfrey and Beth Godrey sued to quiet title to property over which they claimed ownership by adverse possession. From the trial court's ruling in favor of plaintiffs, defendant appeals. We affirm.

George Godfrey was the original owner of the disputed property in Clarkston, Utah. The plaintiffs are grandchildren of Godfrey's second polygamous wife, Elizabeth;

the administratrix is the daughter of a third polygamous wife, Eliza M. Pack Godfrey. In 1910 George Godfrey, together with Elizabeth, conveyed the property by deed to Eliza, who at the time of her death was the record chain-of-title owner. Also in 1910 George and Eliza moved to Fielding, Utah; they never resumed residence in Clarkston. George J. Godfrey, son of George and Elizabeth Godfrey, and the father of the two plaintiffs in this action, used the property from the time his father moved until his own death in 1945. From 1945 until the time of the present action, his son Dale has farmed the property for his mother and sisters. George J. Godfrey and his family have paid all taxes and assessments on the property from at least 1955 through 1977.

In 1964 Annie T. Godfrey, widow of George J. and mother of the plaintiffs, conveyed a number of pieces of property to the plaintiffs. Plaintiffs believed the deed to include and describe the disputed property, but in fact the deed did not contain a complete legal description of that property. By letter from her attorney, Annie T. Godfrey had requested the family of Eliza M. Pack Godfrey to help her perfect her title to the property in dispute, but no action was taken in response to that request. The property was not included in the estates of either Eliza M. Pack Godfrey [1] or George J. Godfrey when they were probated in 1962 and 1973, respectively.

The defendant on appeal contends (1) that the evidence was insufficient to support the trial court's fact findings upon which the determination of adverse possession was made and (2) that the family relationship of the parties rebuts a presumption that plaintiff's possession was adverse as to defendant.

 This Court has reviewed the record and finds there is substantial evidence to support the trial court's findings that (1) defendant's mother held record title to the disputed property; (2) the property is adja-

cent to another parcel of property owned by plaintiffs, and together the two parcels have been fenced and farmed by plaintiffs' family; (3) plaintiffs and their predecessors have been in actual, continual, notorious, open, and adverse possession of the property for over thirty years; (4) plaintiffs and their predecessors have paid the real property taxes assessed on the property when due for the past twenty years; and (5) neither the defendant nor anyone else claiming through her deceased mother, though aware of the use by plaintiffs, made an effort to assert possession or to pay the taxes on the property during the past twenty years. As to defendant's contention that this case involves a family relationship that would prevent or rebut a presumption of adverse possession, this Court has followed this principle only where the parties are members of an immediate family, *Sheppick v. Sheppick,* 44 Utah 131, 138 P. 1169 (1914). Given the facts before us, we are not willing to extend this principle to the parties in this case.

Judgment affirmed. Costs to respondents.

---

1. Eliza's son Hyrum Godfrey was the original administrator of her estate. Florence Munson, Hyrum's sister, was appointed successor administrator after he died, and she petitioned

that the estate be reopened because of "after discovered property" which is the property here in dispute.